# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| YAN HUYNH,<br><br>    Plaintiff,<br><br>        v.<br><br>PAUL BEERY, STROEHMANN LINE HAUL LP, BIMBO BAKERIES USA, INC.,<br><br>    Defendants. | Civil No. 18-16797 (RMB/KMW)<br><br>**OPINION** |

This matter comes before the Court upon its sua sponte inquiry into this Court's subject matter jurisdiction over the claims alleged in Plaintiff Yan Huynh's Complaint [Dkt. No. 1], filed on December 4, 2018. Although Plaintiff's Complaint asserts that this Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, the Complaint simultaneously indicates that Plaintiff and Defendant Bimbo Bakeries USA, Inc. ("Bimbo") are both residents of the Commonwealth of Pennsylvania. On February 15, 2019, the Court issued an Order to Show Cause [Dkt. No. 8], requiring Plaintiff to respond within five (5) business days, as to why this Court should not dismiss this case for lack of subject matter jurisdiction due to incomplete diversity of parties. As of March 14, 2019, Plaintiff has still not responded to this Court's Order to Show

Cause. The Court will **DISMISS** this case, without prejudice, subject to reopening upon good cause shown by Plaintiff.

I. **DISCUSSION**

The Court lacks subject matter jurisdiction over this case, under 28 U.S.C. § 1332, because Plaintiff and Bimbo are both citizens of the same state. Jurisdiction under § 1332(a) requires "complete diversity," meaning that "no plaintiff can be a citizen of the same state as any of the defendants." Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013)(citing Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir.2003)). According to the Complaint, both Plaintiff and Bimbo are citizens of Pennsylvania. Therefore, this Court lacks jurisdiction under § 1332.

Furthermore, the Complaint alleges neither a federal cause of action, nor a substantial question of federal law. Plaintiff asserts claims for negligence, negligent entrustment, respondeat superior. These are state law causes of action, meaning that subject matter jurisdiction would also be inappropriate under 28 U.S.C. § 1331.

II. **CONCLUSION**

For the reasons set forth herein, the Court finds that it lacks subject matter jurisdiction over Plaintiff's Complaint.

Accordingly, the Court will dismiss this case, without prejudice, subject to reopening upon good cause shown by Plaintiff.  An appropriate Order shall issue on this date.

DATED: March 14, 2019

                                       s/Renée Marie Bumb_____
                                       RENÉE MARIE BUMB
                                       UNITED STATES DISTRICT JUDGE